873 F.2d 1451
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BLOUNT BROTHERS CORPORATION, Appellant,
v.
The UNITED STATES, Appellee.
 No. 88-1603.
 United States Court of Appeals, Federal Circuit.
 April 6, 1989.
Rehearing Denied June 5, 1989.
 
 Before FRIEDMAN, MAYER and MICHEL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 
 1
 Blount Brothers Corporation (Blount Bros.) appeals the decision of the Armed Services Board of Contract Appeals (board), ASBCA No. 29984 (May 2, 1988), awarding entitlement to a downward equitable adjustment to the United States Army Corps of Engineers (government). The adjustment was based on a change order by the government deleting the requirement in a construction contract for improvements to the hospital at Wright-Patterson Air Force Base in Ohio for cathodic protection of certain iron piping to be installed under a new wing of the hospital building. We reverse.
 
 Background
 
 2
 The contract incorporated two distinct sets of drawings--civil site drawings and plumbing drawings. Essentially, the former dealt with land left open and the latter with land eventually underneath buildings. Because only Civil Site drawing C-15 contained the Cathodic Protection General Notes, and only Civil Site drawings C-14, C-16, and C-17 referenced them, Blount Bros. contends that the plumbing piping to be installed under the Base Exchange (BX) area and not shown in any of the civil site drawings but only in plumbing drawings was not piping for which cathodic protection was required. Presumably, the BX area was shown in plumbing drawings because a new wing was to be constructed overhead.
 
 
 3
 The government argues that the use of the word "all" in the Cathodic Protection General Notes clearly indicated that cathodic protection was required for both "civil site" and "plumbing" piping. In the alternative, the government argues that the Cathodic Protection General Notes, when compared to other provisions of the contract, raised a patent ambiguity, and thus the contractor assumes the risk of the ambiguity.
 
 OPINION
 
 4
 Our jurisdiction to hear Blount Bros.' appeal is based on 41 U.S.C. Sec. 607(g), part of the Contract Disputes Act of 1978. The issue before this court is whether the contract required the storm and sanitary sewer plumbing piping in the BX area to be cathodically protected. Since the interpretation of a contract is a legal issue, the board's conclusions are neither final nor binding upon this court. George Hyman Construction Co. v. United States, 832 F.2d 574, 579 (Fed.Cir.1987).
 
 
 5
 Reading the contract as a whole, we conclude that Blount Bros.' interpretation of the contract was reasonable: the civil site drawings and building/plumbing drawings in this case clearly provide separate requirements concerning cathodic protection for the different piping areas of the same contract. The government's argument that a patent ambiguity existed is unpersuasive.
 
 
 6
 Finally, we note that if the government wanted cathodic protection for the plumbing piping, it could have simply added either a requirement for cathodic protection for all ferrous metallic underground pipes in the main contract specifications or cross-referenced both the plumbing and civil site drawings to the same Cathodic Protection General Notes. Having taken neither of these obvious courses, the government may not now enforce its preferred interpretation of contract terms it alone drafted because of the doctrine of contra proferentem.